Donald ROSS and Victoria J.
Ross, Plaintiffs,

v.

Richard E. BOLTON, R.E. Bolton &
Company, Inc. and Forbes, Walsh,
Kelly & Co., Inc., Defendants.

No. 83 Civ. 8244 (WK).

United States District Court,
S.D. New York.

June 21, 1984.

Lawrence Iason, New York City, for plaintiffs.

Gusrae, Kaplan & Bruno by Martin H. Kaplan, Mark J. Astorita, New York City for defendants.

Andrew McR. Barnes, Associate Gen. Counsel, Washington, D.C., for National Ass'n of Securities Dealers, Inc.

### MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Before us is the motion of defendants Richard E. Bolton and R.E. Bolton & Co., Inc. ("the Bolton defendants") to compel the National Association of Securities Dealers, Inc. ("NASD"), which is not a party to this action, to comply with a subpoena to produce transcripts of testimony given before it by individuals who are similarly not parties to this action.

The action arises out of the Bolton defendants' alleged wrongdoing in connection with the trading of an over-the-counter security. The NASD, in the course of performing its own investigation of alleged illegal dealings in this security, has obtained statements from various witnesses, transcripts of which are now sought by the Bolton defendants. The NASD resists this discovery on the grounds that its law enforcement duties make it a quasi-governmental agency and that, as a result, its investigative files are entitled to the same privilege against discovery as that afforded

**316**

to a governmental investigative body; defendants counter that the NASD is essentially non-governmental in nature and hence entitled to no privilege against discovery. Without resolving the dispute as to the essential nature of the NASD, we hold that the NASD is not privileged against the discovery of statements of its members obtained in the course of an investigation into the activities of one of its members.

■ The NASD is a registered national securities association pursuant to § 15A of the Securities Exchange Act of 1934, 15 U.S.C. § 78o –3. Its primary purpose is to provide industry self-regulation of the over-the-counter securities market, subject to governmental oversight. As the parties to this motion have conceded, the exact status of the NASD is unsettled: it is granted governmental-type powers for some functions, *Bruan, Gordon & Co. v. Hellmers* (S.D.N.Y.1980), 502 F.Supp. 897 (the NASD is a "person" acting under the SEC for purposes of determining jurisdiction in disciplinary proceedings); *Trama v. New York Stock Exchange, Inc.* (S.D.N.Y. 1978) [1979 Transfer Binder], Fed.Sec.L. Rpts. ¶ 96,748 (a self-regulatory agency enjoys a qualified immunity from liability for alleged constitutional violations), while maintaining its private nature for others, *Bruan, supra* (NASD is not a governmental entity for purposes of a witness' ability to claim a Fifth Amendment privilege against self-incrimination); *United States v. Bloom* (E.D.Pa.1978), 450 F.Supp. 323, 330 ("the NASD is not part of the government and its actions cannot be imputed to [the government] nor its agents to bind [the government]"). We have been cited to no authority, however, and are aware of none, which has passed on the issue of whether the NASD may assert a governmental-type immunity against discovery;

indeed, although a plethora of cases describe the privilege accorded to actual government agencies against discovery of their investigative files, we are aware of no authority for extending this privilege to the NASD or any other self-regulatory agency.

The NASD argues that such extension is justified. According to it, allowing discovery of its investigative files will hamper its ability to obtain the information essential to the performance of its duties, in that NASD members will become hesitant to reveal information to the NASD, thus creating a "chilling effect" on future investigations. However, under the facts as presented to us, the NASD need fear no such result from the release of its members' statements. The relationship between the NASD and its members is based upon contract, pursuant to which its members are bound to release any information requested by the NASD. They may refuse to make such disclosure—but only at the cost of their membership. This is, we think, likely to offset the hypothetical "chilling effect".[1]

■ We hold that the privilege against discovery afforded to government agencies does not extend to statements given to the NASD by its members during the course of an investigation into the activities of one of its members.

Defendants' motion is granted.

SO ORDERED.

---

**1.** We stress that we here deal only with information provided to the NASD by its members. The NASD contends that its investigative files also contain information voluntarily provided by the SEC and other government agencies, which expect that this information will remain confidential, and will cease to provide information if this

condition is not met. As the only information sought in this motion was provided by NASD members, however, and not by any governmental agency, we need not now decide the question of whether information given voluntarily to the NASD by a government agency is privileged against discovery.