**In re DEL–VAL FINANCIAL CORP. SECURITIES LITIGATION.**

**This Document Relates To: All Actions.**

**No. MDL 872.**

United States District Court, S.D. New York.

July 21, 1995.

As Amended July 28, 1995 nunc pro tunc July 21, 1995.

---

**5.** The defendants need not appear at the conference, unless otherwise directed by the Court.

Kaplan, Kilsheimer & Fox, New York City (Robert N. Kaplan, of counsel) and Lowey Dannenberg Bemporad & Selinger, P.C., New York City (Richard B. Dannenberg, of counsel), for plaintiffs.

Hecht Margolin & Steckman, P.C., New York City (Charles J. Hecht, Linda Mandel Gates, of counsel), for applicants.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge:

The above-captioned action is a complex securities fraud case that has been pending before us since October 1990. We describe here only those circumstances relevant to the decision of the application presently before us.

## BACKGROUND

On September 26, 1991, we "so ordered" a stipulation certifying this case as a class action under Fed.R.Civ.P. 23(b)(3) and defining the plaintiff classes as (1) all persons who purchased common stock in Del–Val Financial Corp. ("Del–Val") between March 30, 1989, and October 19, 1990, and (2) all persons who held common stock in Del–Val on October 22, 1990. No Notice of Pendency was sent to the potential class members at the time the stipulation was signed.

On September 10, 1993, plaintiffs' counsel signed a Stipulation of Settlement with the Del–Val defendants.[1] A Notice of Pendency of Class Action and Notice of Proposed Partial Settlement of Class Action and Settlement Hearings (the "Notice") was mailed to potential class members on September 23, 1993. The Notice contained a description of the procedure for opting out of the classes, as well as information about the settlement with the Del–Val defendants. On October 29, 1993, the law firm of Hecht & Goldston sent a letter to the Court requesting exclusion on behalf of 28 individuals (the "putative class members"). On December 3, 1993, we held the settlement hearing, approved the partial settlement, and entered judgment dismissing the claims against the Del–Val defendants. The judgment incorporated a list of all persons who had requested exclusion and therefore would not be bound by the judgment. The putative class members' names were on that list.

Plaintiffs' counsel proceeded with the action against the remaining defendants—Deloitte & Touche ("D & T"), Interstate/Johnson Lane ("I/JL"), a defendant class of underwriters represented by I/JL, and Martin Wright. In May 1995, plaintiffs' counsel signed Stipulations of Settlement with both I/JL and D & T. The terms of those proposed settlements state that they do not apply to individuals who requested exclusion from the classes in 1993. A Notice of Proposed Settlements of Class Action and Settlement Hearing was mailed to the class members on May 26, 1995. We held a hearing to approve the settlements on July 7, 1995.

The putative class members appeared at that hearing. They raised no objection to the fairness, reasonableness, or adequacy of the settlements, but instead sought an order modifying the proposed settlements to permit them to participate in the distribution of the proceeds of the settlements with D & T and I/JL. The putative class members did not seek to withdraw their exclusion from the Del–Val settlement.[2]

We indicated at the hearing our willingness to approve the settlement as fair, reasonable, and adequate, as required under Fed.R.Civ.P. 23(e). We deferred the entry of judgment, however, to permit the parties to brief the issue of whether the putative class members should be permitted to participate in the settlements with D & T and I/JL, while remaining excluded from the settle-

---

1. The Del–Val defendants are Del–Val, Kenbee Management Inc. (Del–Val's parent), and all of the officers and directors of Del–Val who were named as individual defendants, except defendant Martin Wright.

2. The putative class members have brought an action in the Chancery Court of Delaware against several of the Del–Val defendants. That case is currently pending. They have made no claims against D & T or I/JL in that or any other action.

ment with the Del–Val defendants. We have carefully considered the memoranda and affidavits submitted by the parties. For the following reasons, the putative class members' application is denied, with the option to withdraw their notice of exclusion and rejoin the classes for all purposes.

## DISCUSSION

With respect to exclusion from a class certified under Rule 23(b)(3), Rule 23(c)(2) provides that:

> the court shall direct to the members of the class the best notice practicable under the circumstances.... The notice shall advise each member that (A) the court will exclude the member from the class if the member so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if the member desires, enter an appearance through counsel.

Fed.R.Civ.P. 23(c)(2). Rule 23 contains no provision that expressly permits an individual to exclude herself from the class with respect to some defendants but to remain in the class with respect to others. Rule 23 does, however, confer broad discretion on the courts to alter or amend the class at any time before decision on the merits. *See* Fed. R.Civ.P. 23(c)(1).

The putative class members cite only one case, *In re Electric Weld Steel Tubing Antitrust Litigation*, 1982 WL 1873 (E.D.Pa. June 30, 1982), as authority for their contention that we may permit them to participate in the settlements with D & T and I/JL, while remaining excluded from the settlement with the Del–Val defendants. In that case, the court had certified a temporary settlement class [3] to facilitate the distribution of the proceeds from a partial settlement. Master Juvenile, a member of the temporary settlement class, requested exclusion. Final

judgment was entered on the partial settlement. Subsequently, the plaintiffs reached a settlement with the remaining defendants. *See Electric Weld*, at *1.

Meanwhile, after the first settlement was approved but before the second was reached, Master Juvenile had filed an action against the defendants involved in the first settlement. As part of the settlement of that action, those defendants and Master Juvenile agreed that Master Juvenile should be allowed to withdraw its exclusion from the settlement class. *See id.* Relying on Rule 23(c)(1) and acting over the objections of plaintiffs' counsel, the court reinstated Master Juvenile as a settlement class member. *See id.*, at *3.

The primary problem with the putative class members' reliance on *Electric Weld* is that it simply does not support their position. Contrary to the putative class members' assertion, the court did not grant Master Juvenile leave "to re-enter the settlement class for purposes only of participating in the second settlement." *Putative Class Members' Memorandum of Law*, at 6. Instead, the court specifically noted that Master Juvenile had requested leave to withdraw its exclusion from the first settlement. *See Electric Weld*, at *1. The court granted that request, thereby permitting Master Juvenile to reenter the settlement class and to participate in the distribution of the proceeds of both settlements. Far from granting the type of relief the putative class members seek from us, the *Electric Weld* court never even considered allowing Master Juvenile to reenter the settlement class for the purpose of participating in the second settlement while remaining excluded from the first.

Lacking any case law to support their application, the putative class members must base their application solely on an appeal to equity. The putative class members argue that the Notice and the attached Proof of

---

**3.** Although Rule 23 does not expressly authorize the "settlement class" device, a number of courts have used their discretion to issue an order conditionally certifying a class for purposes of facilitating settlement. Settlement classes are certified only when the settlement is about to be finally approved, thus binding the interests of the

members of the class to the settlement. If the settlement is not approved, the class may cease to exist. *See Manual for Complex Litigation 2d* § 30.45 (1985); *see also In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 786 (3d Cir.1995).

Claim and Release ("Proof of Claim") led them to believe that they were excluding themselves only from the settlement with the Del–Val defendants. They contend, in effect, that the Notice and the Proof of Claim created the impression that the classes to which those documents referred were certified only to facilitate the settlement with the Del–Val defendants.[4] They insist that they believed they could opt out of such a settlement class without excluding themselves from the ongoing class litigation against D & T and I/JL. The putative class members argue that, if we do not grant their application, they will be unfairly excluded from receiving their share of the proceeds of the settlements with D & T and I/JL.

To explain the basis of their belief that they merely opted out of the settlement with the Del–Val defendants, the putative class members point to references in the Notice and the Proof of Claim to the "Settling Class Members" or "Settlement Class."[5] While the choice of language in the portions of the Notice and the Proof of Claim cited by the putative class members is unfortunate, we do not agree with the putative class members' contention that those documents are so misleading as to justify the relief they now seek.

We recognize that "Settling Class Members" and "Settlement Class" are potentially confusing terms. The Proof of Claim especially, uses these terms quite freely[6] and could perhaps have been the source of the putative class members' belief that the Notice and the Proof of Claim referred only to classes certified for the purpose of the settlement with the Del–Val defendants. Upon a close reading of the Notice and the Proof of Claim, however, it is apparent that the terms do not clearly convey the meaning that the putative class members ascribe to them. "Settling Class Members" and "Settlement Class" are defined as "the representatives of the Classes, and the members of the Classes, who do not validly elect to exclude themselves from the Classes pursuant to the provisions of the Class Notice."[7] Notice, at 5. The Classes are defined as all persons who purchased Del–Val common stock between

---

4. The putative class members do not argue that the classes were in fact certified only for purposes of the settlement with the Del–Val defendants. Indeed, there is no doubt that the classes were certified for general litigation purposes. First, the stipulation of class certification was signed almost two years before the plaintiffs settled with the Del–Val defendants. Furthermore, the stipulation explicitly provided that it was "solely for the purpose of resolving the issue whether the claims asserted in the Consolidated Amended Class Action Complaint may be maintained as a class action...." *See* Stipulation and Order Re Plaintiff Class Certification, dated September 26, 1991, at ¶ 7, attached as Exhibit 3 to Affidavit of Richard B. Dannenberg, dated July 13, 1995.

5. The putative class members also rely on a statement in the Notice that plaintiffs' counsel would continue to pursue the remaining claims against D & T and I/JL, *see* Notice, at 1, attached as Exhibit 4 to Dannenberg Affidavit; and on a provision in the Proof of Claim stating that the undersigned claimant "settle[s], discharge[s], and release[s] all Settled Class Claims against the Settling Defendants only, as those terms are defined in the Notice." Proof of Claim, at 7, attached as Exhibit 4 to Dannenberg Affidavit.

We find nothing misleading in these statements, which merely state the obvious. When claims against some defendants in an action are settled while claims against others are not, it is hard to conceive of a more accurate statement than that the action will terminate against the settling defendants and continue against the nonsettling defendants.

The putative class members also point to references in the Notice and the Proof of Claim to the "Settled Class Claims." We fail to see how the use of this term could have misled the putative class members. "Settled Class Claims" are defined quite clearly as the claims that have been or could be brought by class members against the Del–Val defendants. *See* Notice, at 5. The term is merely used as a shorthand to distinguish those class claims that would be dismissed as a result of the approval of the settlement with the Del–Val defendants from those claims that remained pending against D & T and I/JL.

6. E.g., the Proof of Claim states that "[i]f you are NOT a member of either of the Settlement Classes as defined in the [Notice], or you requested exclusion from Class I and/or Class II, DO NOT submit a Proof of Claim and Release Form." Proof of Claim, at 6. This statement seems to suggest that the "Settlement Classes" are distinct from "Class I and/or Class II." A look at the definition of "Settlement Classes," however, reveals that both terms refer to the same group of people. *See* Notice, at 5.

7. The Proof of Claim refers the reader to the list of definitions in the Notice for the meanings of certain capitalized terms. *See* Proof of Claim, at 6.

March 30, 1989, and October 19, 1990, and all persons who held Del–Val common stock as of October 22, 1990. *See* Notice, at 1, 5. The logical interpretation of the terms is, therefore, that they are merely a shorthand, albeit perhaps a clumsy one, for referring to the individuals who meet the definition of the classes and have decided not to exclude themselves. Taking the definition of these terms into account, as well as other portions of the Notice not cited by the putative class members, the Notice and the Proof of Claim may be quite naturally interpreted to refer to classes certified for the purpose of litigation.

Our conclusion that the import of the Notice and Proof of Claim is sufficiently clear to a careful reader is bolstered by an examination of the first page of the Notice. The opening paragraphs of the Notice indicate that it is addressed to all persons who purchased Del–Val common stock between March 30, 1989, and October 19, 1990 (Class I), and all persons who held Del–Val common stock as of October 22, 1990 (Class II). The notice then states: "This notice relates to a proposed partial settlement of this class action and, if you are a class member, contains important information as to your rights concerning the settlement as further described below." Notice, at 1. The Notice then defines who is a class member by stating that "[i]f you purchased Del–Val common stock during the Class Period (Class I) or owned Del–Val common stock on October 22, 1990 (Class II) you will be deemed to be a member of such Classes unless you request to be excluded from the Classes." *Id.* The notice then describes the procedure for opting out of the classes. *See id.*

The Notice does not state or imply, anywhere in these crucial provisions, that the classes exist only for the purposes of the settlement with the Del–Val defendants or that individuals who meet the class definition may opt out only for the purposes of that settlement. Instead, it describes the typical class action procedure under Rule 23 in which a class is certified for the purposes of litigating the class claims and potential class members are given the opportunity, before the resolution of any of the class claims, to opt out of the class. It is axiomatic that an individual who requests exclusion from a class certified for the purposes of litigation is opting out of the entire litigation. *See* Fed. R.Civ.P. 23(c)(2); *Manual for Complex Litigation 2d* § 30.231 (1985). Accordingly, we find no reasonable basis for the putative class members' belief that they requested exclusion only from the settlement with the Del–Val defendants. On the contrary, the putative class members' request for exclusion from the classes had the effect of excluding them from the entire litigation.

Moreover, even if the putative class members succeeded in convincing us that the Notice created the misleading impression that the classes to which it referred were certified only for purposes of the settlement with the Del–Val defendants, it is by no means certain that we could or should award the putative class members the relief they seek. As we indicated above, no precedent exists for permitting class members to opt out of a class, whether certified for purposes of settlement or otherwise, with respect to some defendants or claims but not others. While we have broad discretion under Rule 23(c)(1) to amend or alter classes at any time before a decision on the merits, we must use that discretion to further the policies underlying Rule 23.

The procedures outlined in Rule 23 are carefully crafted to protect the rights of class members while promoting the efficient and final resolution of claims against class action defendants. *See In re General Motors,* 55 F.3d at 783–85. We believe that the balance struck by Rule 23 would be upset if individuals could choose to participate in a class for the purposes of settlement with some defendants, but to exclude themselves from the settlement with other defendants. Rule 23 requires potential class members to make a trade-off: an individual either decides to remain a class member, bound by any and all judgments rendered in the class action but spared the expense of litigating on her own behalf, or she elects exclusion. If she chooses exclusion, she is required to expend her own resources to bring her claims against the defendants, but she may potentially be rewarded by receiving a larger recovery. Permitting an individual eligible to be a class

member to opt out as to some defendants but not as to others would allow her to have the best of both worlds. She could opt to remain in the class action as to defendants against whom her claims were relatively weak, hoping for some recovery at little or no expense to herself, while opting out as to other defendants to pursue relatively stronger claims in the hopes of securing a more lucrative recovery than she would receive as a class member. We are unwilling to exercise our discretion under Rule 23(c)(1) to endorse such a novel application of Rule 23. Therefore, we deny the putative class members' application, and we hold that the putative class members may not participate in the classes for purposes of the settlements with D & T and I/JL while remaining excluded from the settlement with the Del–Val defendants.

Despite the lack of support for the putative class members' belief that they could exclude themselves from the settlement with the Del–Val defendants only, they have maintained this position consistently since receiving the Notice. The letter by which the putative class members opted out requested "exclusion from the proposed settlement." Letter of Charles J. Hecht, dated October 29, 1993, attached as Exhibit 2 to Dannenberg Affidavit. A later letter, sent by Mr. Hecht on behalf of one of the putative class members, stated that she had previously requested "exclusion from the proposed settlement." Letter of Charles J. Hecht, dated November 22, 1994, attached as Exhibit 6 to Dannenberg Affidavit.

We believe that the putative class members were clearly mistaken in their interpretation of the Notice. However, in the interests of equity and so as not to penalize the putative class members for what seems to have been a genuine misunderstanding, we will exercise our discretion under Rule 23(c)(1) to permit them to reenter the classes, if they so choose.[8] They must, however, reenter the classes for all purposes and participate on the same terms as other class members in the settlement with the Del–Val defendants, as well as the settlements with D

& T and I/JL. If the putative class members choose to reenter the classes, we will, upon application from plaintiffs' counsel or the putative class members, exercise our authority under Fed.R.Civ.P. 60(b)(6) to amend the judgment entered on December 3, 1993, by deleting the putative class members' names from the list of individuals excluded from the classes. Alternatively, if the putative class members elect not to reenter the classes, they will remain excluded from all three of the settlements.

## CONCLUSION

For the foregoing reasons, the application of the putative class members is denied. Within 10 days of the date of this order, the putative class members shall inform the court and plaintiffs' counsel whether or not they choose to reenter the classes and participate on the same terms as other class members in the settlements with the Del–Val defendants, Deloitte & Touche, and Interstate/Johnson Lane.

**SO ORDERED.**

---

8. Plaintiffs' counsel and counsel for the Del–Val defendants have indicated that they do not object to the putative class members reentering the classes, so long as they participate in and are bound by all three settlements. We have received no objections from D & T or I/JL.