Pamela K. MARTENS, et al., Plaintiffs

v.

SMITH BARNEY, INC.,
et al., Defendants.

No. 96 CIV. 3779(JGK).

United States District Court,
S.D. New York.

Dec. 24, 2002.

---

Matthew Eli Moloshok, Hellring Lindeman Goldstein & Siegal, Newark, NJ, Linda Friedman, Leng Stowell, Chicago, IL, for Roberta O'Brien Thomann, Robin Tompkins.

Matthew Eli Moloshok, Hellring Lindeman Goldstein & Siegal, Newark, NJ, Kent Spriggs, Spriggs & Davis, PA, Tallahassee, FL, for Patricia Hanlon.

Kent Spriggs, Spriggs & Davis, PA, Tallahassee, FL, for Marianne Dalton, Patricia Clemente.

Richard Montanez, Prospect, CT, for Cara Beth Walker.

Michele Lan Palter, Joseph D. Garrison, Gary Phelan, Garrison, Phelan, Levin-Epstein & Penzel, New Haven, CT, for Edna Broyles.

Kent Spriggs, Spriggs & Davis, PA, Tallahassee, FL, Robert Z. Dobrish, Hoffinger, Friedland, Dobrish & Stern, PC, New York City, for Eileen Valentino.

Phyllis Jamison, Clinton, MT, pro se.

### OPINION AND ORDER

KOELTL, District Judge.

The plaintiffs, Pamela K. Martens ("Martens") and Judith P. Mione ("Mione") (collectively "the plaintiffs"), are among the named plaintiffs in this employment discrimination class action against Smith Barney, Inc. ("Smith Barney") and two of its officers, including James Dimon ("Dimon"). The plaintiffs allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as well as additional federal and New York State laws. Martens and Mione now move pursuant to 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal the May 3, 2002 Opinion and Order ("Opinion and Order") of Judge Motley to whom this case was then assigned. The Opinion and Order granted the defendants' motion to compel

arbitration of the plaintiffs' outstanding claims. In the alternative, the plaintiffs move for reconsideration of the same Opinion and Order on the ground that the Court erred in denying discovery into the costs of arbitration.

### I.

This case has a lengthy history that has taken it through the district court and the Court of Appeals, and now places the action in this Court upon reassignment from Judge Motley. Familiarity with the prior opinions is presumed.

This case began as a nationwide class action in which Martens, Mione, and additional named plaintiffs sued their employer, Smith Barney, for, among other claims, gender discrimination, harassment, and retaliation in violation of Title VII. On July 28, 1998, the district court approved an amended settlement agreement ("Settlement Agreement") among the parties. *Martens v. Smith Barney Inc.*, 96 Civ. 3779, 1998 WL 1661385 (S.D.N.Y. July 28, 1998), which became effective on February 1, 1999. Plaintiffs Martens and Mione opted out of the class, however, and were not bound by the Settlement Agreement. *Id.* at *4 & Ex. A.

As a condition of employment with Smith Barney, Martens and Mione each signed a Uniform Application for Securities Registration ("Form U–4") with the National Association of Securities Dealers ("NASD") requiring that any employment dispute between the plaintiffs and defendants be arbitrated rather than resolved in court. *Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 136, 138 (S.D.N.Y.1999). Martens and Mione also signed Smith Barney's own mandatory arbitration policy contained in various Smith Barney Employee Handbooks and Applications for

Employment. *Martens v. Smith Barney, Inc.*, 96 Civ. 3997, 2002 WL 867666, at *1 (S.D.N.Y. May 3, 2002) (hereinafter *Martens I* ). Martens and Mione now challenge the enforceability of these provisions.

In August 1999, Dimon and Smith Barney moved to compel arbitration of Martens' and Mione's claims. Without ruling on the defendants' motion, Judge Motley dismissed the plaintiffs' claims for failure to prosecute. *See Martens v. Smith Barney, Inc.*, 194 F.R.D. 110 (S.D.N.Y.2000).[1] The Court of Appeals for the Second Circuit reversed the dismissal and remanded the case to the district court. *See Martens v. Thomann*, 273 F.3d 159, 179–82 (2d Cir.2001).

Judge Motley then afforded the parties the opportunity to file any relevant motions by March 8, 2002. Order filed Feb. 25, 2002. In response, Martens and Mione moved to supplement their papers in opposition to Smith Barney's still-open motion to compel arbitration. Specifically, the plaintiffs argued that the Supreme Court's intervening decision in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), compelled the district court to allow the plaintiffs to conduct limited discovery into the costs of arbitration prior to ruling on the defendants' motion.

In an Opinion and Order filed on May 3, 2002, the district court granted the defendants' motion to compel arbitration pursuant to the Form U–4 arbitration provision signed by both Martens and Mione. *Martens I*, 2002 WL 867666, at *1. Judge Motley denied the plaintiffs' motion to file a supplemental memorandum as moot. *Id.* Shortly thereafter, the case was transferred from Judge Motley to this Court.

## II.

The plaintiffs now move for an order certifying for interlocutory appeal Judge Motley's Opinion and Order granting the defendants' motion to compel arbitration. In the alternative, the plaintiffs seek reconsideration of the decision on the ground that the district court erred in denying limited discovery into the cost of arbitration.

■ 28 U.S.C. § 1292(b) provides that a district court may certify an interlocutory order for appeal if it is of the opinion that (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The determination of whether § 1292(b) certification is appropriate under these standards lies within the discretion of the district court. *See, e.g., Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*, 780 F.Supp. 978, 979 (E.D.N.Y.1992) (collecting cases and citations).

■ Interlocutory appeals under Section 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *see also Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir.1996) (per curiam) (collecting cases). Because piecemeal litigation is

---

1. Prior to doing so, Judge Motley allowed the plaintiffs an opportunity to rejoin the class, *Martens v. Smith Barney, Inc.*, 190 F.R.D. 134 (S.D.N.Y.1999), but the plaintiffs declined to do so.

generally discouraged, the Court of Appeals has repeatedly emphasized that a district court is to "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir.1992) *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir.1990) ("The power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law.") (internal alteration omitted) (quoting *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959)). Section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation," *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F.Supp. 170, 172 (S.D.N.Y.1987) (internal quotation marks omitted), or to be a "vehicle to provide early review of difficult rulings in hard cases." *German v. Fed. Home Loan Mortgage Corp.*, 896 F.Supp. 1385, 1398 (S.D.N.Y.1995); *see also Abortion Rights Mobilization, Inc. v. Regan*, 552 F.Supp. 364, 366 (S.D.N.Y.1982); *McCann v. Communications Design Corp.*, 775 F.Supp. 1506, 1534 (D.Conn.1991). Rather certification is warranted only in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." *Telectronics*, 690 F.Supp. at 172; *see also In re Buspirone Patent Litigation*, 210 F.R.D. 43, 49 (S.D.N.Y.2002); *German*, 896 F.Supp. at 1398.

■ Finally, the institutional efficiency of the federal court system is among the chief concerns underlying § 1292(b). The efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial time must be weighed against the inefficiency of having the relevant Court of Appeals hear multiple appeals in the same case. *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir.1991) ("It does not normally advance the interests of sound judicial economy to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case."); *In re Buspirone Patent Litigation*, 210 F.R.D. at 50.

■ In this case, the plaintiffs' motion for an interlocutory appeal should be denied on the basis of untimeliness alone. Martens and Mione allowed almost five months to pass after the issuance of Judge Motley's May 3, 2002 Opinion and Order before filing this motion. The plaintiffs fail to offer a reasonable explanation for the time lapse. Martens and Mione attempt to shorten the appearance of this five-month delay by contending that the catalyst for their motion was the decision by the Second Circuit Court of Appeals in *Brooks v. Travelers Ins. Co.*, 297 F.3d 167 (2d Cir.2002), issued on July 25, 2002. At oral argument in *Brooks*, judges of the Court of Appeals questioned whether the employee arbitration policy at issue in the case allowed sufficient vindication of federal statutory rights. *Id.* at 169–71. But after argument, defendant Travelers abandoned its effort to compel arbitration. As a result, the Court of Appeals revisited its concerns in the written opinion without deciding whether the policy provided adequate vindication of the plaintiff's rights. The Court of Appeals vacated the judgment of the district court dismissing the action because of the concession by Travelers that it would not seek to compel arbitration. Martens and Mione then attempt to excuse the delay following the issuance

of the *Brooks* opinion by arguing that the plaintiffs' counsel was otherwise occupied by work and vacation and could not have filed this motion any sooner. (Declaration of Gary Phelan dated Oct. 24, 2002 attached as Ex. 3 to Pls.' Reply Mot. Supp. Interloc. App.) Ultimately, roughly two months elapsed between the time that the Court of Appeals decided *Brooks* and September 27, 2002 when the plaintiffs filed their motion for an interlocutory appeal.

The plaintiffs' explanation for the lengthy time lapse is unpersuasive. The pendency of the *Brooks* case was not a basis for failing to seek an interlocutory appeal in this case, if such an appeal were justified. The question raised in *Brooks* related to an employer's arbitration policy and not to the NASD arbitration procedures pursuant to a Form U–4. In any event, if *Brooks* had been relevant, the plaintiffs could have argued that in seeking certification. It was not an excuse to wait. Moreover, the reasons for the two month delay after *Brooks* was decided are also insufficient. A busy work schedule and a desire for vacation are no more bases for ignoring the need for filing a prompt interlocutory appeal than they are for ignoring specific court deadlines. Interlocutory appeals are a form of "immediate appeal." 28 U.S.C. § 1292(b). In this case, the passage of almost five months prior to the plaintiffs' filing of this motion renders the motion untimely and the motion is denied. *See In re Buspirone Patent Litigation,* 210 F.R.D. at 50 (finding that the defendant's unjustified delay in excess of three months in filing a motion for interlocutory appeal was in itself sufficient ground to deny the defendant's motion); *Richardson Elec. v. Panache Broadcasting,* 202 F.3d 957, 958 (7th Cir.2000) ("[A] district judge should not grant an inexcusably dilatory [1292(b) certification] request [relating to a two month delay]."); *Ferraro,* 780 F.Supp. at 979 (rejecting 1292(b) certification mo-

tion on the grounds that "there was no justification for plaintiff's [two and a half month] delay" in filing the motion).

■ Moreover, there is no basis to certify an interlocutory appeal because there is no controlling issue of law as to which there is substantial ground for difference of opinion. Judge Motley's Opinion and Order explicitly relied on the holding of the Court of Appeals for the Second Circuit in *Desiderio v. Nat'l Assoc. of Sec. Dealers, Inc.,* 191 F.3d 198 (2d Cir.1999), in granting the defendants' motion to compel arbitration. In *Desiderio,* the Court of Appeals found that a Form U–4 arbitration provision was enforceable as applied to the plaintiff's employment dispute under Title VII. *Id.* at 203–06. This decision brought the Second Circuit in line with virtually every other Circuit that has addressed the question of "[w]hether a predispute agreement requiring compulsory arbitration, such as a Form U–4, is enforceable with regard to Title VII claims." *Id.* at 203 (collecting cases); *see also Gordon v. Volt Info. Sciences, Inc.,* 00 Civ. 4188, 2000 WL 1358646, at *1 (S.D.N.Y. Sept.20, 2000) (following *Desiderio* ). In light of *Desiderio,* it is now clearly settled law within the Second Circuit that arbitration clauses can be enforced in Title VII cases and Judge Motley abided by that law. *See, e.g., Pricewaterhouse–Coopers LLP v. Rutlen,* 00 Civ. 1579, 2000 WL 460478, at *2 (S.D.N.Y. Apr. 20, 2000) ("Before addressing the specific issues framed by the motion, we note at the outset that, consistent with the federal policy favoring arbitration, that Title VII claims, like other federal statutory claims, are arbitrable."); *Moorning–Brown v. Bear, Stearns & Co., Inc.,* 99 Civ. 4130, 1999 WL 1063233, at *4 (S.D.N.Y. Nov.23, 1999) ("Any doubt in this Circuit concerning the arbitrability of Title VII claims has been eliminated by the Court of Appeals'

recent decision in *Desiderio v. NASD.*") (internal citation omitted). Thus, there is no controlling question of law "as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), upon which this Court could certify an Order for interlocutory appeal.

■ To the extent that the plaintiffs challenge the details of the company arbitration policies that they signed, Judge Motley did not rule on the validity of those provisions. *Martens I,* 2002 WL 867666, at *1 ("The court expresses no opinion as to the enforceability of the other, non-Form U–4 arbitration agreements into which Ms. Martens and Ms. Mione may have entered.") To the extent that Smith Barney attempts to rely on any of those provisions in the NASD, there is no way to determine whether the arbitrator will enforce those provisions in the arbitration. Therefore, granting the plaintiffs' motion in this case could undermine the promotion of judicial efficiency which is an important goal of interlocutory appellate review. The issues that the plaintiffs seek to resolve on interlocutory appeal may never materialize in the arbitrations and may never require resolution. Because certification for an interlocutory appeal would not materially advance resolution of this case, the plaintiffs' motion must also be denied.

To the extent that the prior opinion of the Court of Appeals addressed the issue of appealability of an order compelling arbitration in this case, it is clear that the Court of Appeals considered that such an order would not be appealable. The Court of Appeals explained that, "[i]f the district court had determined that the individual plaintiffs' claims were subject to valid and enforceable arbitration agreements and compelled arbitration, the individual plaintiffs could not have immediately appealed that decision." *Id.* at 183 (citing *Ermene-gildo Zegna Corp. v. Zegna,* 133 F.3d 177, 181 (2d Cir.1998)). Having determined that the plaintiffs' claims should not have been dismissed for failure to prosecute, the Court of Appeals declined the plaintiffs' invitation to consider whether their individual claims were subject to valid and enforceable arbitration agreements. Addressing the question of arbitrability "could give the individual plaintiffs an unfair advantage because they might otherwise have been unable to appeal the question of arbitrability." *Id.* The court went on, "the fact that the individual plaintiffs would not have been able to appeal a decision by the district court finding that the claims were arbitrable militates against this Court addressing that issue on appeal." *Id.* Thus, if guidance is to be found in the Court of Appeals decision on the prior appeal, it suggests that the Court of Appeals did not consider that there could be an appeal of the order compelling arbitration until the arbitration had been concluded.

### III.

■■ The plaintiffs move, in the alternative, for reconsideration of Judge Motley's decision denying the plaintiffs' motion for limited discovery into the costs of arbitration. The standard for granting a motion for reconsideration is well established. In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3, the Court applies the same standards as those governing former Local Civil Rule 3(j). *United States v. Letscher,* 83 F.Supp.2d 367, 382 (S.D.N.Y.1999) (collecting cases). The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motions. *Nakano v. Jamie Shadock, Inc.,* 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); *Walsh v. McGee,* 918 F.Supp. 107, 110 (S.D.N.Y.1996); *In re*

*Houbigant,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996). The rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," *Walsh,* 918 F.Supp. at 110; *see also Nakano,* 2000 WL 1010825, at *1; *United States v. Mason Tenders Dist. Council of Greater New York,* 909 F.Supp. 882, 889 (S.D.N.Y. 1995).

Under Local Rule 6.3, "A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion." The plaintiffs allegedly served their motion for reconsideration of Judge Motley's May 3, 2002 Opinion and Order on September 26, 2002, and filed it with the Court on September 27, 2002.[2] The plaintiffs' motion for reconsideration was plainly untimely.

The plaintiffs do not attempt to claim that their motion for reconsideration was timely under Rule 6.3. Rather, they argue that the Supreme Court's decision in *Green Tree* was a change in the law and that this Court has the power to change a decision because of an intervening change in controlling law or to correct an error.

However, *Green Tree* was not a change in the law after Judge Motley's May 3, 2002 Opinion and Order. *Green Tree* was decided in December, 2000, and indeed all parties point out that the plaintiffs brought *Green Tree* to the attention of Judge Motley in their motion to file a supplemental memorandum. While Judge Motley denied that motion as moot, the citation of *Green Tree* was before the Court and the

Court determined that the supplemental memorandum was moot. There was no reason for the plaintiffs to wait for over five months to file a motion for reconsideration on the basis of a Supreme Court case that had been decided nearly a year and a half before Judge Motley's Opinion and Order.

Moreover, no reconsideration to allow discovery is warranted based on the Supreme Court's decision in *Green Tree.* In *Green Tree* the Supreme Court held that in light of the record before the Court, "[t]he 'risk' that [the respondent] will be saddled with prohibitive costs [of arbitration] is too speculative to justify the invalidation of an arbitration agreement." *Green Tree,* 531 U.S. at 91, 121 S.Ct. 513. Finding that the party seeking to avoid arbitration bears the burden of demonstrating the likelihood of bearing prohibitively expensive costs, the Court noted that, "How detailed the showing of prohibitive expense must be before the party seeking arbitration must come forward with contrary evidence is a matter we need not discuss; for in this case neither during discovery nor when the case was presented on the merits was there any timely showing at all on the point." *Id.* at 92, 121 S.Ct. 513. Contrary to the plaintiffs' assertion, *Green Tree* does not require discovery into the costs of arbitration but rather found that the record in that case failed to demonstrate prohibitive costs. *See id.*

 In this case, the plaintiffs state that they "are not asking the court to reverse Judge Motley's decision," but they

2. There appears to be an error in the docketing date for the underlying Opinion and Order, which is incorrectly listed as 9/16/02. (*See* Docket Entry No. 308.) The defendants explain that this date appears to be the day on which certain unrelated appeals from the May 3, 2002 Opinion and Order by other plaintiffs were docketed. (*See* Defendants' Memorandum at 16 n. 14.) The defendants advise that Judge Motley's May 3, 2002 Opinion and Order was actually docketed on May 6, 2002 in accordance with a certified copy of the docket used in connection with an appeal by another plaintiff from the same Order. The plaintiffs do not dispute that the Order at issue was docketed on May 6, 2002.

are asking for reconsideration of that decision to "allow the parties to conduct limited discovery on the issues surrounding arbitration costs before the court rules on whether [the plaintiffs] must arbitrate their claims before the NASD." (Plaintiffs' Memorandum at 17–18.) But this discovery is not required by *Green Tree*. The plaintiffs have already produced a list of costs in other NASD arbitrations and could have presented information with respect to whether any of these costs reasonably could have deterred them. The plaintiffs chose not to make that argument and instead to seek discovery and further delay. *Green Tree* does not require that delay. Arbitration was already compelled and there is no persuasive argument in the papers to support a conclusion that compelling such arbitration was erroneous.

## CONCLUSION

For the reasons explained above, the plaintiffs' motion to certify an interlocutory appeal is denied. The plaintiffs' motion, in the alternative, for reconsideration is also denied.

**SO ORDERED.**