Pamela K. MARTENS, Judith P. Mione, Roberta O'Brien Thomann, Lorraine Parker, Bette Laswell, Jennifer Alvarez, Marianne Dalton, Patricia Clemente, Simone Schwendener, Cara Beth Walker, Edna Broyles, Robin Tompkins, Stephanie Rodruck, Daniele Saccone, Beverly Trice, Lori Hurwitz, Lydia Klein, Eileen Valentino, Patricia Hanlon, Teresa Tedesco, Mary Ann Cabell, Ardis Vinnecour, and Tracy Gibbs, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

SMITH BARNEY, INC., a/k/a Shearson/American Express a/k/a Shearson Lehman Brothers a/k/a Shearson Lehman Brothers Holdings, Inc., Shearson Lehman Hutton a/k/a Shearson Lehman Brothers, Smith Barney/Shearson, Inc., James Dimon, Nicholas Cuneo, the New York Stock Exchange, and the National Association of Securities Dealers, Defendants.

No. 96 Civ. 3779(CBM).

United States District Court, S.D. New York.

Jan. 24, 2000.

---

---

## MEMORANDUM OPINION

MOTLEY, District Judge.

This class action involves charges of workplace gender discrimination against Smith Barney, Inc. and several of its officers. This court certified a settlement class and, in 1998, approved a settlement agreement between plaintiffs and the Smith Barney defendants ("Smith Barney"). Named plaintiffs Pamela K. Martens and Judith P. Mione opted out of the settlement before it was finally approved by this court.

The most recent opinion in this case was filed December 2, 1999. That opinion served two primary purposes. It dismissed the case as to the National Association of Securities Dealers ("NASD") and the New York Stock Exchange ("NYSE") because the only claim against those two organizations sought a declaratory judgment holding mandatory arbitration to be a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Those claims were dismissed as to NASD and NYSE in light of the Second Circuit's ruling in *Desiderio v. NASD*, 191 F.3d 198 (2d Cir.1999) (holding that mandatory arbitration of discrimination claims does not violate Title VII). The validity of Smith Barney's arbitration clause as to all job related disputes as approved by NYSE, remains an issue in this case. The opinion also clarified the position of Pamela K. Martens and Judith P. Mione, two named plaintiffs who opted out of the settlement and thereby opted out of the plaintiff class and the class litigation. The opinion allowed Martens and Mione to rejoin the class and partake of the settlement as named plaintiffs, who all received financial benefits not available to non-named class members. The attorney for Martens and Mione has recently notified the court that his clients declined to avail themselves of this opportunity to rejoin the class.

When plaintiffs Pamela K. Martens and Judith P. Mione opted out of this action at the time this court preliminarily approved a proposed settlement, they had the right to: 1) pursue their individual claims against Smith Barney in this action, or 2) file a new action before the statute of limitations had run. They did neither.

Smith Barney has now moved to dismiss this action against it by these two plaintiffs who opted out. In response to that motion, this court, believing that the opt out plaintiffs may have misunderstood the effect on their claims of opting out of the class settlement, by opinion and order dated December 2, 1999, clarified for plaintiffs the consequences of having opted out of the class settlement. This court then gave plaintiffs the option of rejoining the class within 30 days from the date of the accompanying order. These opt out plaintiffs advised the court on December 22, 1999 that they did not wish to rejoin the class.

They then moved this court to reconsider its opinion and order of December 2, 1999 and permit them to pursue their individual claims against Smith Barney in this action which they had initially brought on behalf of themselves and all others similarly situated.

Defendants have opposed the motion for reconsideration on the grounds that plaintiffs have failed to cite any controlling opinion or authority or factual matters overlooked which might have materially influenced the opinion and order.

Allowing these plaintiffs the option to reenter the class which plaintiffs have rejected, had, as this court noted, scant authority to support such action on this court's part. The only other case allowing such an option was this court's decision in *In re Del–Val Financial Corp. Securities Litigation*, 162 F.R.D. 271 (S.D.N.Y.1995) (Connor, J.)

However, this court's opinion did not resolve any of the following questions: 1) whether plaintiffs' individual actions remained a part of this action as originally filed, separate and apart from the certified class; 2) whether, if their individual claims did remain as separate actions, they should now be heard; 3) whether plaintiffs were required to vigorously assert those separate claims or file a new action; 4) whether a new

action would be barred by the statute of limitations, and 5) if barred by the statute of limitations, whether the statute should be tolled by this court in the exercise of its equitable discretion.

Plaintiffs also ask the court to again grant them an opportunity to reconsider rejoining the class if their individual claims are now barred for some reason.

Plaintiffs filed only a motion to reconsider this court's opinion regarding the opt out plaintiffs. They did not file a motion requesting that the statute of limitations if applicable, be tolled. They simply argued this position in their brief in support of their motion for reconsideration. Defendants, in response, have now requested an opportunity to answer.

This court now rules that plaintiffs will not be given a further opportunity to opt back into the class beyond the ten day period which remained when they filed their motion to reconsider. If they should now take advantage of this option in the next ten days, that would, of course, end this matter. If they do not, this court rules that plaintiffs' individual claims remained pending as such but may now have been barred by laches or the statute of limitations.

The parties will now be given 31 days from the date of the accompanying order to brief both the laches and statute of limitations questions if plaintiffs again reject the option to opt back in to the class and settlement within the next ten days. Each party will then have 30 days to answer the other party's submission. The court will then hear arguments on these questions only on April 24, 2000. No extensions of time from that schedule will be granted.